IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHAD NELSON                                                          PLAINTIFF

v.                                         CIVIL NO. 11-2085

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Presently before this Court is the Defendant's Motion to Dismiss for failure to state a claim. ECF. No. 22.   On September 27, 2007, Plaintiff protectively filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF. No. 23-2. These claims were denied initially on November 7, 2007, and upon reconsideration on February 15, 2008.  On November 18, 2009, an Administrative Law Judge (ALJ) issued a decision denying Plaintiff's applications for Title II and Title XVI benefits.  Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 2, 2010, when the Appeals Council sent, by mail addressed to the plaintiff and to his representative, notice of its December 2, 2010, denial and of the right to commence a civil action within sixty (60) days from the date of receipt.  ECF No. 23-3. Plaintiff filed his pro se Complaint with this court on March 28, 2011.  ECF No. 2.

On January 17, 2012, the Defendant filed its Motion to Dismiss for failure to state a claim and brief in support. ECF Nos. 22, 23.  Because Plaintiff filed his Complaint pro se, the undersigned prepared an Order on January 18, 2012, directing Plaintiff to file a response to the Defendant's motion, explaining his delay in filing his Complaint. ECF No. 24.  Plaintiff failed to file a response within the time allotted.  Accordingly, the Defendant's Motion to Dismiss is currently before the undersigned for report and recommendation.

The defendant asserts that Plaintiff's complaint fails to state a claim upon which relief can be granted since it was not filed within the time limitation specified.  In 42 U.S.C. § 405(g), the Plaintiff is required to commence a civil action within 60 days after the date the Notice of Final Decision is mailed to the Plaintiff, or within any time as extended by the Appeals Council of the Social Security Administration.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act.  *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).  Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision.  *See also* 20 C.F.R. §§ 404.981, 422.210.  The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council.  20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court, in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner

or the courts. The Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

Here, the Appeals Council's decision denying plaintiff's request for review is dated December 2, 2010.  Under the regulations, receipt of the notice would be presumed five days thereafter, on December 7, 2010.  Thus, to be considered timely, plaintiff must have commenced his civil action on or before February 7, 2010. Plaintiff's Complaint in this case was not filed until March 28, 2010, and he has provided the Court with no reasonable justification for this delay.  As such, there are  no extraordinary circumstances present in this case to justify extending the 60 day period.  Therefore, we find Plaintiff's Complaint fails to state a claim upon which relief can be granted and recommend that this action be dismissed with prejudice.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 19th day of March 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

3